Dear Mr. Sullivan:
You have requested an opinion of the Attorney General regarding the authority of the Clerk of Court-Livingston Parish to collect a Three Hundred Dollar ($300.00) immovable property transaction-filing fee established by the Livingston Parish Council and, if permitted, whether the Clerk can charge a commission for the collection. You also ask whether an Intergovernmental Agreement is required to collect a commission and whether the Clerk can refuse to a file a transaction document if the fee is not paid at the time the document is presented for filing and recordation.
The Office of the Parish Clerk of Court is constitutionally established by Article V, Section 28 of the 1974 Louisiana Constitution:
§ 28. Clerks of Courts
 Section 28. (A). Powers and Duties; Deputies. In each parish a clerk of the district court shall be elected for a term of four years. He shall be ex officio notary public and parish recorder of conveyances, mortgages, and other acts and shall have other duties and powers provided by law. The clerk may appoint deputies with duties and powers provided by law and with the approval of the district judges, he may appoint minute clerks with duties and powers provided by law.
R.S. 13:751-917 provides for the general powers and duties of clerks of court including section 841 which sets forth the maximum fees that the clerks can charge for receiving and/or filing documents in civil matters and section 844 which sets forth the maximum fee that the clerks can charge for the filing and recording of certain documents relating to their capacity as ex officio recorders. R.S. 13:841(A), with respect to the fee schedule for civil matter provides, that "The clerks of the several district courts shall be entitled to demand and receive the following fees of office and no more in civil matters."
The statute then sets forth the maximum fee that can be charged by the clerk for 77 document categories.
LSA R.S. 13:844 sets forth the amount that the Clerks, as ex officio recorders, can charge for the filing and recording of certain documents and includes the following:
§ 844. Fees of ex officio recorders.
 Clerks of the district courts as ex officio recorders may charge the following fees:
 (1) For filing and recording any document, twenty-five dollars per book for the first page and ten dollars for each subsequent page per book up to ten pages. All documents that exceed ten pages, twenty-five dollars for the first page and eight dollars for each subsequent page.
Sections 2-8 provide for a fee for indexing of documents, notarizing acknowledgment of acts, real estate mortgage and lien certificates, cancellation of mortgages, copies of official documents, attesting any record, and canceling of liens for paving or installation of sewerage system.
LSA R.S. 13:845 provides that "the ex-officio recorder shall be entitled to demand their fees at the time their official services are rendered. Implicit in this provision is the authority of the clerk to refuse to accept a document for filing that is not presented with proper payment.
A reading of the these statutes clearly limits the powers of the clerk of court to charge and collect fees for the filling and/or receiving of certain documents including fees associated with the filing of documents relating to immovable property transactions. There is no authority to charge or collect a fee that exceeds the amount provided for in the statute. The Three Hundred Dollar ($300.00) immovable property transaction-filing fee established by Livingston Parish Council is to be collected by the Clerk upon the filing of the document. The collection of the fee by the clerk cannot be separated from the filing of the document and therefore must be considered a filing fee. The collection of such a fee is not authorized to the extent the fee exceeds its statutory limit.
It is therefore the opinion of our office that the Clerk of Court-Livingston Parish does not have the general statutory authority to collect the immovable property transaction filing fee established by the Livingston Parish Counsel to the extent the fee would exceed the statutory limit set forth in R.S.13:841-844. Based on this conclusion we do not have to reach the question of whether the Clerk can collect a commission or refuse to file a transaction document if the fee is not paid at the time of presentation.
If you have any questions or comments, please do not hesitate to contact our office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ______________________
 RICHARD L. MCGIMSEY Assistant Attorney General
CCF/RLM/dam